| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 13-1668-LPS |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC., | : : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 13-1669-LPS |
| CRICKET COMMUNICATIONS INC., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 13-1670-LPS |
| NEXTEL OPERATIONS INC.; and SPRINT SPECTRUM LP, | : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 13-1671-LPS |
| T-Mobile USA Inc.; and T-MOBILE US, Inc. | : : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 13-1672-LPS |
| UNITED STATES CELLULAR CORP., | : : | |
| Defendant. | : : | |

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE
Martin J. Black, DECHERT LLP, Philadelphia, PA
Jeffrey B. Plies, DECHERT LLP, Austin, TX
Stephen J Akerley, Justin F. Boyce, James D. Ragon, DECHERT LLP, Mountain View, CA

      Attorneys for Plaintiffs.

Jack B. Blumenfeld, Karen Jacobs, Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNEL LLP, Wilmington, DE

      Attorneys for Defendants AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services, Inc., Cricket Communications, Inc., Nextel Operations, Inc., Sprint Spectrum, L.P., T-Mobile USA, Inc., and T-Mobile US, Inc.

Josh A. Krevitt, Benjamin Hershkowitz, GIBSON, DUNN & CRUTCHER LLP, New York, NY
Frederick S. Chung, GIBSON, DUNN & CRUTCHER LLP, Palo Alto, CA

Attorneys for Defendants AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular
Wireless Services, Inc., and Cricket Communications, Inc.

David E. Finkelson, Adriana S. Daly, MCGUIRE WOODS LLP, Richmond, VA
Franklin D. Kang, MCGUIRE WOODS LLP, Los Angeles, CA

Attorneys for Defendants Nextel Operations Inc. and Sprint Spectrum L.P.

Asim M. Bhansali, David J. Silbert, Paula L. Blizzard, Justina K. Sessions, KEKER & VAN
NEST LLP, San Francisco, CA

Attorneys Defendants T-Mobile USA, Inc. and T-Mobile US, Inc.

Gregory P. Williams, Steven J. Fineman, Katharine C. Lester, RICHARDS, LAYTON &
FINGER, P.A., Wilmington, DE
John P. Wisse, SIDLEY AUSTIN LLP, Dallas, TX
Richard J. O'Brien, Douglas Lewis, James I. Zirkle, SIDLEY AUSTIN LLP,
Chicago, IL
Diane Gabl, SIDLEY AUSTIN LLP, Palo Alto, CA

Attorneys for Defendant United States Cellular Corporation.

---

**MEMORANDUM OPINION**

September 24, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court are Defendants AT&T Mobility LLC, AT&T Mobility II LCC, New Cingular Services, Inc., Cricket Communications, Inc., Nextel Operations, Inc., Sprint Spectrum L.P., T-Mobile USA, Inc., T-Mobile US, Inc., and United States Cellular Corporation's Motions to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (C.A. No. 13-1668-LPS D.I. 8; C.A. No. 13-1669-LPS D.I. 8; C.A. No. 13-1670-LPS D.I. 9; C.A. No. 13-1671-LPS D.I. 7; C.A. No. 13-1672-LPS D.I. 7).

For the reasons set forth below, the Court will deny Defendants' motions with respect to willful infringement and deny without prejudice Defendants' motions with respect to Plaintiffs' lack of standing.

## I. BACKGROUND

On October 7, 2013, Plaintiffs Intellectual Ventures I and Intellectual Ventures II (collectively, "IV" of "Plaintiffs") filed actions against AT&T Mobility LLC, AT&T Mobility II LLC, and New Cingular Wireless Services Inc. (collectively, "AT&T") (C.A. No. 13-1668-LPS D.I. 1); Leap Wireless Int'l, Inc.[1] and Cricket Communications Inc. (C.A. No. 13-1669-LPS D.I. 1); Nextel Operations Inc. and Sprint Spectrum L.P. (C.A. No. 13-1670-LPS D.I. 1); T-Mobile USA, Inc. and T-Mobile US, Inc. (C.A. No. 13-1671-LPS D.I. 1); and United States Cellular Corporation (collectively, "Defendants") (C.A. No. 13-1672-LPS D.I. 1), alleging infringement

---

[1]Leap Wireless International, Inc. has since been dismissed. (C.A. No. 13-1669-LPS D.I. 14)

of various patents.[2]  Generally, the patents relate to methods and systems for determining and

distributing resources over a digital communications network.  IV asserts Defendants' use of

LTE wireless technology willfully infringes on the patents-in-suit.

On December 16, 2013, Defendants filed their respective motions to dismiss.  (C.A. No.

13-cv-01668-LPS D.I. 8; C.A. No. 13-cv-01669-LPS D.I. 8; C.A. No. 13-cv-01670-LPS D.I. 9;

C.A. No. 13-cv-01671-LPS D.I. 1; C.A. No. 13-cv-01672-LPS D.I. 7)

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief."  Even though a

plaintiff need not allege detailed factual information, in order to survive a motion to dismiss for

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when the

factual allegations allow the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. *See id.* at 663.  At the motion to dismiss stage, the court "must

accept as true the factual allegations in the complaint and all reasonable inferences that can be

---

[2]The asserted patents include: U.S. Patent No. 6,640,248 ("the '248 patent"); U.S. Patent No. 5,602,831 ("the '831 patent"); U.S. Patent No. 6,023,783 ("the '783 patent"); U.S. Patent No. 6,952,408 ("the '408 patent"); U.S. Patent No. 6,370,153 ("the '153 patent"); U.S. Patent No. 5,963,557 ("the '557 patent"); U.S. Patent No. 8,310,993 ("the '993 patent"); U.S. Patent No. 7,269,127 ("the '127 patent"); U.S. Patent No. 7,848,353 ("the '353 patent"); U.S. Patent No. 8,396,079 ("the '079 patent"); U.S. Patent No. 7,787,431 ("the '431 patent"); U.S. Patent No. 7,385,994 ("the '994 patent") ("the patents-in-suit").

drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, the court "need not accept as true threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to those allegations. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

## B.  Willful Infringement

To state a claim for willful infringement, a patent holder must plead, among other things, that the infringer had "knowledge of the patent and of his infringement." *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). "Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement," but the complaint must adequately allege "factual circumstances in which the patents-in-suit [are] called to the attention" of the defendants. *St. Clair Intellectual Prop. Consultants, Inc. v.*

3

*Hewlett–Packard Co.*, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal quotation marks omitted). With respect to knowledge of the risk of infringement, the patentee needs to plead facts giving rise to "at least a showing of objective recklessness" as to that risk. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "The complaint must 'demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement' were either known or were so obvious that they should have been known." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012). Pursuant to Federal Rule of Civil Procedure 9, knowledge may be averred generally.

## III. DISCUSSION

### 1. Willfulness

Defendants contend that IV makes no factual allegations supporting how or why Defendants would have known of the asserted patents nor the risk of infringing the asserted patents. IV responds that the facts in the complaint provide a sufficient basis from which it may be inferred that Defendants had knowledge of the infringed patents and of the risk of infringement.

Plaintiffs' allegations of willful infringement are limited to Counts I, IV, and VI against AT&T only. In terms of the sufficiency of those three counts, Plaintiffs allege that AT&T "had knowledge of the '248, ['153, and '557] patent[s] since no later than November 8, 2005, when AT&T, or a predecessor, brought it to the attention of the examiner . . . during the prosecution" of its own patents. (C.A. No. 13-1668-LPS D.I. 1 ¶¶ 50, 63, 67) A complaint may sufficiently plead a defendant's actual knowledge when "a plaintiff alleges that a defendant previously filed

4

papers with the PTO identifying the patents as prior art." *MONEC,* 897 F. Supp. 2d at 229.

Attempting to persuade the Court otherwise, AT&T relies on *Chalumeau Power Sys. LLC v. Alcatel-Lucent,* 2012 WL 6968938, at *1 (D. Del. July 18, 2012), for the proposition that a patent examiner's prior art reference to the patent-in-suit during prosecution of that defendant's own patents did not constitute actual knowledge. However, the situation in *Chalumeau Power* is readily distinguished from the present case because here the defendant itself referenced the '248, '153, and '557 patents as prior art. Hence, the Court concludes that IV has sufficiently pled facts supporting a conclusion that AT&T had knowledge of the patents.

Furthermore, the complaint alleges that "upon information and belief, AT&T has no policy in place to obtain rights from patent holders to use their 4G LTE technology" – including IV's patents – and that "[u]pon information and belief, this is by design, and AT&T employs a corporate policy of ignoring the risk of patent infringement and willfully infringing 4G LTE patents." (C.A. No. 13-1668-LPS D.I. 1 ¶ 46) Accepting these allegations as true, and drawing all reasonable inferences in favor of IV, IV has adequately alleged that AT&T was at least objectively reckless as to the risk it was infringing the '248, '153, and '557 patents.

Thus, the Court concludes that Counts I, IV, and VI adequately state a claim for willful infringement. Accordingly, the Court will deny Defendants' motion to dismiss the willfulness claims.

## 2.     Standing

In light of the Court's recent opinion in *Clouding IP, LLC v. Google Inc.,* 2014 WL 3767489 (D. Del. July 28, 2014), on the issue of standing and the importance of examining the

full agreement when assessing whether a plaintiff has been transferred "all substantial rights" in a patent, the Court will deny Defendants' motion without prejudice. The parties have not provided the Court with a copy of the full agreement transferring patent rights to IV. Should Defendant move again to dismiss due to lack of standing, the parties will need to provide the Court with the complete assignment agreements and amendments.

## V.    CONCLUSION

For the reasons given above, the Court will deny AT&T's motion to dismiss with respect to willful infringement of the '248, '153 and '557 patents and deny without prejudice AT&T's motion to dismiss with respect to lack of standing. The Court will enter an appropriate order.