## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 13-cv-1668-LPS |
| AT&T MOBILITY LLC;  AT&T MOBILITY II LLC; and NEW CINGULAR WIRELESS SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 13-cv-1669-LPS |
| LEAP WIRELESS INTERNATIONAL, INC. and CRICKET COMMUNICATIONS, INC., | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 13-cv-1670-LPS |
| NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P., | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 13-cv-1671-LPS |
| T-MOBILE USA, INC., and T-MOBILE US, INC., | JURY TRIAL DEMANDED |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 13-cv-1672-LPS |
| UNITED STATES CELLULAR CORPORATION, | JURY TRIAL DEMANDED |
| Defendant, | |

and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

---

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

    v.

AT&T Mobility LLC;  AT&T Mobility II
LLC; and NEW Cingular Wireless
Services, Inc.,

    Defendants,

and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 14-cv-1229-LPS

JURY TRIAL DEMANDED

---

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

    v.

LEAP WIRELESS INTERNATIONAL,
INC. and CRICKET
COMMUNICATIONS, INC.,

    Defendants,

and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 14-cv-1230-LPS

JURY TRIAL DEMANDED

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P.,<br><br>    Defendants,<br><br>and<br><br>ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Intervenors. | Civil Action No. 14-cv-1231-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC., and T-MOBILE US, Inc.,<br><br>    Defendants,<br><br>and<br><br>ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Intervenors. | Civil Action No. 14-cv-1232-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CELLULAR CORPORATION, | Civil Action No. 14-cv-1233-LPS<br><br>JURY TRIAL DEMANDED |

Defendant,

and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

       Intervenors.

## SCHEDULING ORDER

This 13th day of February, 2015, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on Dec. 18, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **October 29, 2014.** If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI'') (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference). The parties shall meet and confer about the scope and limits of electronically stored information and other discovery and shall submit a proposal to the Court within 14 days from entry of the Scheduling Order.

5

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **March 19, 2015**.

Amendments to the pleadings regarding inequitable conduct may be filed on or before

**December 30, 2015**.

3.      Application to Court for Protective Order.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court by **December 19, 2014**.  Should counsel

be unable to reach an agreement on a proposed form of order, counsel must follow the

provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.   By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly
> confidential," which may be provided for in the protective order]
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

4.      Papers Filed Under Seal.  In accordance with section G of the Administrative

Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed

document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a

court proceeding (including a teleconference), such party should expressly note that intent at the

start of the court proceeding.  Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion

for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

      5.     <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

      6.     <u>ADR Process</u>. These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

      7.     <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

      a.     By **October 10, 2014**, Plaintiffs shall identify the accused products, including the accused methods and systems, and its damages model (including the royalty base and bases), as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiffs shall also produce the file history for each asserted patent.

      b.     By **December 8, 2014**, each Defendant and each Intervenor shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Each Defendant shall also produce sales figures for the accused product(s).

c.      By **February 2, 2015**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claim(s) of each asserted patent that each such product allegedly infringes.  [[**Plaintiffs' Proposal:** By **February 2, 2015**, Plaintiffs shall make their initial reduction of asserted claims asserting up to 8 claims per asserted patent, but no more than 72 total claims.  No further reduction of asserted claims need occur until after the Court issues its claim construction order.]] [[**Defendants' Proposal:** By **January 12, 2015**, Plaintiffs shall make their initial election of asserted claims.[1]  Plaintiffs may assert up to 5 claims per common or overlapping patent specification, but no more than 50 total claims, in the aggregate.  By **May 4, 2015**, Plaintiff shall narrow its identification of asserted claims to a maximum of 3 claims per common or overlapping patent specification (from the asserted claims identified previously in the first reduction of asserted claims), but no more than 30 total claims, in the aggregate.]]

d.      By **April 13, 2015**, Defendants and Intervenors shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references. [[**Plaintiffs' Proposal:** Defendants and Intervenors shall assert no more than 6 primary references per asserted claim and 12 obviousness combinations.]] [[**Defendants' Proposal:** Defendants and Intervenors may rely on up to 6 primary references per asserted claim with no limit on obviousness combinations at this stage of the case.]]

---

[1]      Defendants note that their proposed deadline has passed, and therefore request that should the Court adopt their proposal that the election date be set to 2 business days following entry of the Scheduling Order.

e.  By **December 18, 2015**, Plaintiffs shall provide a final identification of all accused products, and Defendants and Intervenors shall provide a final identification of all invalidity references.

f.  By **March 7, 2016**, Plaintiffs shall provide final infringement contentions. [[**Plaintiffs' Proposal:** Following claim construction, Plaintiffs may assert up to 5 claims per asserted patent, but no more than 48 total claims, per Defendant.]] [[**Defendants' Proposal:** Plaintiff may assert up to 2 claims per common or overlapping patent specification (from the asserted claims identified previously in the second reduction of claims), but no more than 20 total claims, in the aggregate.]]

g.  By **March 23, 2016**, Defendants and Intervenors shall provide their final invalidity contentions.  Defendants and Intervenors may rely on up to 4 primary references per asserted claim, plus 8 obviousness combinations per asserted claim.

8.  Discovery.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.  The limits outlined in this Scheduling Order apply to Civil Action Nos. 13-1668-LPS, 13-1669-LPS, 13-1670-LPS, 13-1671-LPS, 13-1672-LPS, 14-01229-LPS, 14-01230-LPS, 14-01231-LPS, 14-01232-LPS, and 14-01233-LPS.  For the purposes of these limitations, a "Defendant Group" shall mean the defendant(s) and related corporate entities in each captioned case, except that intervenors Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") shall be considered its own "Defendant Group"; "Defendants" shall mean the defendants, collectively, across the captioned cases, including intervenor Ericsson; and "Plaintiffs" shall mean the plaintiffs, collectively, across the captioned cases.

a.  Discovery Cut Off.  All fact discovery in the above captioned cases shall be initiated so that it will be completed on or before **March 18, 2016**.  All expert

9

discovery in all captioned cases shall be initiated so that it will be completed on or before **September 2, 2016**.

b.     Document Production.     Document production shall be substantially complete by **June 29, 2015**.  The parties are not relieved of their obligation to respond to discovery requests, including the production of documents, before the date for substantial completion of document production.

c.     Requests for Admission.  Plaintiffs may serve a maximum of one hundred (100) Requests for Admission separately on each Defendant Group.  Each Defendant Group may serve a maximum of one hundred (100) Requests for Admission on Plaintiffs. There shall be no limit, however, on the number of requests for admission that Plaintiffs and each Defendant Group may serve directed solely to the authentication of documents and things.  The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

d.     Interrogatories.

i.     Plaintiffs may serve a maximum of twenty-five (25) common interrogatories on Defendants, collectively, and ten (10) individual interrogatories on each Defendant Group. Defendants are allowed to a maximum of twenty-five (25) common interrogatories on Plaintiffs.   Each Defendant Group may serve up to ten (10) individual interrogatories on Plaintiffs.

(1)     The parties agree that for the purposes of the interrogatory limits above, interrogatories seeking information related to

10

more than one patent-in-suit or more than one accused product will not constitute multiple discrete subparts under Federal Rule of Civil Procedure 33(a)(1) solely on the basis that multiple patents or multiple accused products are covered by the interrogatory. This agreement does not restrict any party's right to object to interrogatories comprised of more than one discrete subpart on any other basis.

ii. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

iii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

iv. Plaintiffs' and each Defendant Group's interrogatory responses constitute party admissions under Fed. R. Evid. 801(d)(2). A party may rely on the interrogatory responses of the Plaintiffs or a Defendant Group from any of the above captioned case(s) in which the Plaintiffs or Defendant Group is also a named party.

e.    **[[Defendants propose adding this paragraph**: Requests for Production:
Each party may serve a maximum of five hundred (500) requests for production on
another party.]]    [[**Plaintiffs' Proposal:** No limit on Requests for Production is
appropriate and this paragraph is unnecessary.  Defendants raised this issue for the first
time after the December 19, 2014 scheduling conference and after Plaintiffs served their
first sets of requests for production on Defendants.  A limit on requests for production
was also raised and rejected in the earlier cases between the parties.]]

f.    Depositions.

i.    Depositions may begin on or after ~~[[Plaintiffs' Proposal: January 12, 2015]] [[Defendants' Proposal: July 24, 2015]]~~.

_[handwritten: February 20, 2015.]_

ii.   Limitation on Hours for Deposition Discovery. Plaintiffs may take
a maximum of seventy (70) hours of depositions of each Defendant
Group, with a maximum of ten (10) depositions of any single
Defendant Group.   The Defendants may take a combined
maximum of seventy (70) hours of deposition of Plaintiffs, with a
maximum of ten (10) depositions of Plaintiffs.  These limits are
exclusive of expert and third-party depositions. Depositions of the
inventors of any of the patents asserted against any Defendant
Group shall be limited to a maximum of fourteen (14) hours per
inventor and shall not count toward Defendants' deposition hour
limits.  Where an inventor is designated as a 30(b)(6) witness, the
inventor deposition time does not limit 30(b)(6) deposition hours.

12

Except as provided herein, each Rule 30(b)(1) fact deposition is limited to a maximum of seven (7) hours, unless otherwise agreed to by the parties. Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.65 hours of testimony for every one hour of examination. Any party may seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown.

iii.     Location of Depositions. The deposition of any individual, including any individual testifying as a Rule 30(b)(6) witness for a corporate entity, will presumptively take place where the witness resides, or at some other mutually agreeable location. Any individual residing in a foreign country who is produced as a Rule 30(b)(6) witness for a party shall be made available for deposition where the witness resides.

g.     Disclosure of Expert Testimony.

i.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 22, 2016**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June**

16, 2016. [[Plaintiffs' Proposal: Reply expert reports from the party with the initial burden of proof are due on or before **July 8, 2016**.]] [[**Defendants' proposal:** No reply expert reports shall be permitted. Alternatively, to the extent the Court finds that reply expert reports should be permitted, reply expert reports are due on or before **July 1, 2016** and shall be limited to the issues of secondary considerations of non-obviousness and non-infringing alternatives.]] No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.     <u>Limitation on Hours for Expert Deposition Discovery.</u>  No later than ten (10) days following the exchange of responsive disclosures of expert opinions, the parties shall meet and confer regarding the limitation on hours for expert deposition discovery and attempt in good faith to reach agreement on such limitation. No later than seven (7) days following the parties meet and confer, the parties shall file a joint statement regarding the outcome of their conference regarding limitation on hours of expert deposition discovery and identify any issues in dispute that require the Court's attention.

iii.    <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in

14

*Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

h.      Discovery Matters and Disputes Relating to Protective Orders.

      i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

      ii.      Should counsel find, after good faith efforts -- including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute -- that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

15

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

      iii.     On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

      iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

      v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend</u>.

      a.     Any motion to amend (including a motion for leave to amend) a pleading shall **_NOT_** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall

16

attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.      Motions to Strike.

a.      Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.      Tutorial Describing the Technology and Matters in Issue.  Unless otherwise ordered by the Court, the parties shall simultaneously provide the Court a tutorial of not more than sixty (60) minutes on the technology by **September 21, 2015**.  The tutorial should focus on the technology in issue and should not be used for argument.  By **November 5, 2015**, each party

17

may comment, in writing (in no more than five (5) pages) to the opposing party's tutorial.  As to
the format selected, the parties should confirm the Court's technical abilities to access the
information contained in the tutorial (currently best are "mpeg" or "QuickTime").

12.     Claim Construction Issue Identification.  On **June 1, 2015**, the parties shall
exchange a list of [[Plaintiffs' Proposal: the any]] [[Defendants' Proposal: any]] claim
term(s)/phrase(s) that they believe need construction.  On or before **June 22, 2015**, the parties
will exchange their proposed claim construction of those term(s)/phrase(s).  [[Plaintiffs'
Proposal: A party may propose that a term be construed to have its plain and ordinary
meaning.]] [[**Defendants' Proposal:** For any contested claim limitation, the parties must submit
a proposed construction. If a party contends that a claim term should be given its "plain and
ordinary meaning," but does not provide a construction of that meaning, that party shall be
precluded from subsequently offering a construction or interpretation (*e.g.*, in any briefing
and/or expert declarations, or at the *Markman* hearing) of the term's "plain and ordinary
meaning."]]  These documents will not be filed with the Court.  Subsequent to exchanging that
list, the parties will meet and confer by **June 29, 2015** to prepare a Joint Claim Construction
Chart to be submitted on **July 21, 2015**.  The parties' Joint Claim Construction Chart should
identify for the Court the **24** term(s)/phrase(s) of the claim(s) in issue, and should include each
party's proposed construction of the disputed claim language with citation(s) only to the
intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s)
in issue as well as those portions of the intrinsic record relied upon shall be submitted with this
Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

13.     Claim Construction Briefing.  The parties shall meet and confer and submit a
proposal for the page limitations for initial (opening) and responsive (answering) briefs by **July**

**21, 2015**. The parties shall contemporaneously submit their respective briefing on claim construction issues as follows:

| Opening Briefs | Answering Briefs |
|---|---|
| September 7, 2015 | October 29, 2015 |

No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

    a.        Any party intending to rely on an expert declaration must submit that declaration concurrently with that party's opening claim construction brief. Any expert declaration submitted with a party's answering brief shall be limited to responding to the specific claim terms and arguments raised in the opposing party's expert declaration submitted with its opening claim construction brief.

    b.        A party relying on an expert declaration in its opening claim construction brief must make that expert available for deposition at least 2 weeks before the deadline for submitting answering claim construction briefs. A party relying on an expert declaration in its answering claim construction brief must make that expert available for deposition within 2 weeks after submitting that answering brief.

    14.    <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on November 30, 2015, the Court will hear argument on claim construction.

    a.        The parties shall meet and confer at least 14 days prior to the claim construction hearing to discuss the order of presentation.

    b.        The parties shall notify the Court, by joint letter submission, no later than the date on which the opening claim construction briefs are due: (i) whether they request

19

leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

      c.      Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing with an interim report on the nature of the matters in issue and the progress of discovery to date.

      15.      <u>Interim Status Report</u>. Beginning **April 15, 2015**, and every three months thereafter, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

      16.      <u>Case Dispositive and *Daubert* Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **September 30, 2016**. Responsive briefs shall be due **November 4, 2016**. Reply briefs shall be due **November 21, 2016**.

      a.      <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

      b.      <u>Page limits</u>. <u>Page limits combined with Daubert motion page limits</u>. Subject to further order of the Court, each party is permitted to file as many case dispositive motions as desired; provided, however, that Plaintiffs and Defendants will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs

regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for Plaintiffs and Defendants.[2]

      c.     <u>Hearing</u>. The Court will hear argument on all pending case dispositive and *Daubert* motions on **December** 20 at 3:00 p.m. **, 2016**. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

    17.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    18.    <u>Trial Scheduling Conference</u>: The Court will conduct a conference on ~~December~~ Jan. 24, ~~201~~ 7 at 3:00 p.m., to discuss trial organization. The parties will submit proposals regarding how to try these cases no later than 2 business days before the date of the trial scheduling conference.

    19.    <u>Pretrial Conference</u>. On ~~March 15,~~ 10 2017, the Court will hold a pretrial conference in Court with counsel beginning at ~~9:00~~ 11:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure

---

[2] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **March 1, 2017**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order- Patent, the parties shall include in their joint proposed final pretrial order, among other things:

      a.    a request for a specific number of *hours* for their trial presentations, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

      b.    their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

      c.    their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated

22

with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d.      their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20.      Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Subject to further order of the Court, Plaintiffs and Defendants shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.      Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **ten (10)** business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

23

22.   Trial.   Subject to further order of the Court, this matter is scheduled for [[Defendants' proposal: its first]] trial beginning at 9:30 a.m. on **April 10, 2017**, with the subsequent trial days beginning at 9:00 a.m.   Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.   The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.   Judgment on Verdict and Post-Trial Status Report.   Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.   At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed, listing any post-trial motions each party intends to file, and the number of pages requested for post-trial motions.

24.   Post-Trial Motions.   Unless otherwise ordered by the Court, Plaintiffs and Defendants are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
UNITED STATES DISTRICT JUDGE