## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-cv-1668-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; and NEW CINGULAR WIRELESS SERVICES, INC., | **FILED UNDER SEAL** |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON | |
| Intervenors. | |
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-cv-1669-LPS |
| v. | JURY TRIAL DEMANDED |
| CRICKET COMMUNICATIONS, INC., | **FILED UNDER SEAL** |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-cv-1670-LPS |
| v. | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P., | **FILED UNDER SEAL** |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON | |
| Intervenors. | |
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-cv-1671-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | **FILED UNDER SEAL** |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON | |
| Intervenors. | |

2

INTELLECTUAL VENTURES I LLC

     Plaintiff,

     v.

UNITED STATES CELLULAR
CORPORATION,

     Defendant,

     and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

     Intervenors.

Civil Action No. 13-1672-LPS

JURY TRIAL DEMANDED

**<u>FILED UNDER SEAL</u>**


**<u>INTELLECTUAL VENTURES' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**


DATED:   February 22, 2017

DECHERT LLP
Jeffrey B. Plies (admitted *pro hac vice*)
300 W. 6th Street, Suite 2010
Austin, TX 78701
(512) 394-3000
jeffrey.plies@dechert.com

Justin F. Boyce (admitted *pro hac vice*)
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
(650) 813-4800
justin.boyce@dechert.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com


DECHERT LLP
Martin J. Black (admitted *pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
martin.black@dechert.com

*Counsel for Intellectual Ventures I LLC*

3

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................................... 1

III.  LEGAL STANDARD .................................................................................................... 4

IV.   ARGUMENT:  IV IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANTS' UNSUBSTANTIATED DEFENSES. .................................................. 5

    A.    Breach of Contract ............................................................................................. 5

    B.    Promissory Estoppel .......................................................................................... 5

    C.    Equitable Estoppel ............................................................................................. 6

    D.    Waiver ................................................................................................................ 7

    E.    Laches ................................................................................................................ 7

    F.    Unclean Hands ................................................................................................... 8

    G.    License/Patent Exhaustion/Single Recovery Rule ............................................ 9

    H.    IV Is Entitled to Summary Judgment on AT&T's Unsubstantiated Defenses. .......................................................................................................... 11

    I.    IV Is Entitled to Summary Judgment on Cricket's Unsubstantiated Defenses. .......................................................................................................... 13

    J.    IV Is Entitled to Summary Judgment on T-Mobile's Unsubstantiated Defenses. .......................................................................................................... 14

    K.    IV Is Entitled to Summary Judgment on Sprint's Unsubstantiated Defenses. .......................................................................................................... 14

    L.    IV Is Entitled to Summary Judgment on U.S. Cellular's Unsubstantiated Defenses. .......................................................................................................... 18

    M.    IV Is Entitled to Summary Judgment on Intervenor Ericsson's Unsubstantiated Defenses. ............................................................................... 19

V.    CONCLUSION ............................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1 Oak Private Equity Venture Capital Ltd. v. Twitter, Inc.*,
2015 WL 7776758 (Del. Super. Ct. Nov. 20, 2015) ................................................................5

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
960 F.2d 1020 (Fed. Cir. 1992) ..............................................................................................6, 8

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...............................................................................................................4, 5

*AT&T Corp. v. Microsoft Corp.*,
No. 01 CIV.4872 WHP, 2004 WL 188078 (S.D.N.Y. Feb. 2, 2004) ....................................10

*Bayer CropScience AG v. Dow AgroSciences LLC*,
No. 10-1045, 2011 WL 6934557 (D. Del. Dec. 30, 2011) .......................................................7

*Bild v. Konig*,
No. 09-CV-5576, 2011 WL 666259 (E.D.N.Y. Feb. 14, 2011) ...............................................7

*Carlson v. Arnot-Ogden Memorial Hosp.*,
918 F. 2d 411 (3d Cir. 1990) ...................................................................................................6

*Conagra Trade Grp., Inc. v. Fuel Expl., LLC*,
636 F. Supp. 2d 1166 (D. Colo. 2009) ...................................................................................6

*Endo Pharm. Inc. v. Actavis, Inc.*,
746 F.3d 1371 (Fed. Cir. 2014) ...............................................................................................9

*Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp. I*,
60 F.3d 770 (Fed. Cir. 1995) ...................................................................................................8

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
398 F. Supp. 2d 305 (D. Del. 2005) ........................................................................................9

*Hynix Semiconductor Inc. v. Rambus Inc.*,
645 F.3d 1336 (Fed. Cir. 2011) ...............................................................................................7

*Innovative Display Techs. LLC v. Microsoft Corp.*,
No. 2:13-CV-00783-JRG, 2014 WL 2757541 (E.D. Tex. June 17, 2014) ..............................5

*Intel Corp. v. Broadcom Corp.*,
173 F. Supp. 2d 201 (D. Del. 2001) ........................................................................................9

*Keurig, Inc. v. Sturm Foods, Inc.*,
  732 F.3d 1370 (Fed. Cir. 2013)..................................................................................................11

*Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*,
  475 U.S. 574 (1986).....................................................................................................................4

*In re Omeprazole Patent Litig.*,
  483 F.3d 1364 (Fed. Cir. 2007)....................................................................................................9

*Podobnik v. U.S. Postal Serv.*,
  409 F.3d 584 (3d Cir. 2005)..........................................................................................................5

*Qualcomm Inc. v. Broadcom Corp.*,
  548 F.3d 1004 (Fed. Cir. 2008)....................................................................................................7

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
  553 U.S. 617 (2008)....................................................................................................................11

*SCA Hygiene Prods. Aktieblog v. First Quality Baby Prods., LLC*,
  807 F.3d 1311 (Fed. Cir. 2015), *cert granted*, 136 S.Ct. 1824 (2016) .....................................8

*Sonos, Inc. v. D&M Holdings Inc.*,
  No. C.A. 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016) ..........................10

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
  630 F. Supp. 2d 395 (D. Del. 2009)...........................................................................................10

*Tenneco Auto. Operating Co. v. Visteon Corp.*,
  375 F. Supp. 2d 375 (D. Del. 2005)...........................................................................................11

*Territory of U.S. Virgin Islands v. Goldman, Sachs & Co.*,
  937 A.2d 760 (Del. Ch. 2007)......................................................................................................6

*Tessera, Inc. v. Int'l Trade Comm'n*,
  646 F.3d 1357 (Fed. Cir. 2011)..................................................................................................11

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
  474 F.3d 1298 (Fed. Cir. 2007)..................................................................................................11

*TruePosition Inc. v. Andrew Corp.*,
  507 F. Supp. 2d 447 (D. Del. 2007).........................................................................................5, 6

*Winbond Elecs. Corp. v. Int'l Trade Comm'n*,
  262 F.3d 1363 (Fed. Cir.).......................................................................................................9, 11

**Other Authorities**

Fed. R. Civ. P. 9....................................................................................................................................7

Fed. R. Civ. P. 56.................................................................................................................4

Restatement (Second) of Contracts § 90 (1981) ...............................................................6

## I.      INTRODUCTION

In most patent litigations, it is common practice for defendants to plead a proverbial "kitchen sink" of affirmative defenses, which—if proven—could result in successfully defending against allegations of infringement.  In this case, Defendants have checked the first box, and alleged numerous affirmative defenses.  But Defendants' actual proof of the defenses they have asserted is woefully deficient.  Accordingly, IV files this motion for summary judgment to request that the Court streamline the substantive issues still in play, and dismiss all affirmative defenses regarding which Defendants have submitted no evidence in support.

## II.     FACTUAL BACKGROUND

Intellectual Ventures I LLC ("IV") filed suit for patent infringement against AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services, Inc., and Cricket Wireless LLC (collectively "AT&T") (First Amended Complaint, 13-cv-1668, D.I. 47; First Amended Complaint,13-cv-1669, D.I. 48; Complaint, 13-cv-1668, D.I.1; Complaint, 13-cv-1669, D.I. 1); T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively "T-Mobile") (First Amended Complaint, 13-cv-1671, D.I. 48; Complaint, 13-cv-1671, D.I. 1); Nextel Operations, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, and Virgin Mobile USA, L.P. (collectively "Sprint") (First Amended Complaint, 13-cv-1670, D.I. 48; Complaint, 13-cv-1670, D.I. 1); and United States Cellular Corporation ("U.S. Cellular") (First Amended Complaint, 13-cv-1672, D. I. 46; Complaint, 13-cv-1672, D.I. 1) (all defendants collectively, "Defendants").  Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson") intervened in all five of the above actions (Ericsson's Answer in Intervention 13-cv-1668, D.I. 58; 13-cv-1669, D.I. 59; 13-cv-1670; 13-cv-1671, D.I. 59, D.I. 59; 13-cv-1672, D. I. 57).

Currently pending before the Court are IV's claims of infringement of U.S. Patents Nos. 6,640,248 ("the '248 patent") and 5,602,831 ("the '831 patent"). IV asserts the '248 patent against AT&T, T-Mobile, and U.S. Cellular. IV asserts the '831 patent against all Defendants.

Defendants and Intervenor Ericsson answered IV's complaints, asserting several affirmative defenses. Relevant here are the following:

AT&T's affirmative defenses to IV's patent infringement claims include: laches, estoppel, waiver, license, exhaustion, and unclean hands. *See* First Amended Answer, Defenses and Counterclaims to First Amended Complaint, 13-cv-1668, D.I. 298 ¶¶ 50-77.

Cricket's affirmative defenses to IV's patent infringement claims include: laches, estoppel, waiver, license and exhaustion, and unclean hands. *See* First Amended Answer, Defenses and Counterclaims to First Amended Complaint, 13-cv-1669, D.I. 295 ¶¶ 45-72.

T-Mobile's affirmative defenses to IV's patent infringement claims include: estoppel and waiver, laches, FRAND or RAND obligations, license, implied license, and exhaustion, implied waiver, equitable estoppel, legal estoppel, and unclean hands. *See* Answer to First Amended Complaint, 13-cv-1671, D.I. 60 ¶¶ 47, 52, and 54-94.

Sprint's affirmative defenses to IV's patent infringement claims include: breach of contract, waiver, laches, acquiescence, estoppel, unclean hands, express license, implied license, and patent exhaustion or the single recovery rule. *See* First Amended Answer, Defenses, and Counterclaims to First Amended Complaint, 13-cv-1670, D.I. 297 ¶¶ 44-46, 47and 50-72.

U.S. Cellular's affirmative defenses to IV's patent infringement claims include: express license, implied license, and exhaustion. *See* Answer and Counterclaims to Plaintiff's First Amended Complaint, 13-cv-1672, D.I. 58 ¶¶ 4-5, 6-7, and 9-10.

Intervenor Ericsson's affirmative defenses to IV's patent infringement claims include: estoppel or waiver, laches, and FRAND or RAND obligations. *See* Answer in Intervention, 13-cv-1668, D.I. 58 ¶¶ 49, 54, and 56; 13-cv-1669, D.I. 59 ¶¶ 44, 49, and 51; 13-cv-1670 (excepting defense of FRAND or RAND obligations), D.I. 59 ¶¶ 44 and 49; 13-cv-1671, D.I. 59 ¶¶ 47, 52, and 54; 13-cv-1672, D. I. 57 ¶¶ 43, 48, and 50.

IV served a common interrogatory on all Defendants and Intervenor Ericsson stating: "Explain the legal and factual bases of each of your affirmative defenses, including an identification of all facts, evidence, documents, and witnesses upon which you intend to rely to support each defense." IV's First Set of Common Interrogatories to Defendants and Intervenor Ericsson, Interrogatory No. 6 (served March 6, 2015) (Exh. N).[1]

As discussed below, Defendants responded to these interrogatories, allegedly detailing supporting evidence for their affirmative defenses. *See*:

AT&T's Fifth Supplemental Responses to Plaintiff's First Set of Common Interrogatories (Nos. 1-9) (served Sept. 16, 2016), Response to Common Interrogatory No. 6 ("AT&T Aff. Def. Response") (Exh. O);

Cricket's Fifth Supplemental Responses to Plaintiff's First Set of Common Interrogatory Nos. 1-9 (served Sept. 16, 2016), Response to Common Interrogatory No. 6 ("Cricket Aff. Def. Response") (Exh. P);

T-Mobile's Second Supplemental Objections and Responses to IV's First Set of Common Interrogatory (served Sept. 16, 2016), Response to Common Interrogatory No. 6 ("T-Mobile Aff. Def. Response") (Exh. R);

---

[1] All referenced exhibits are attached to the Declaration of Joseph M. Abraham in Support of Intellectual Ventures' Motion for Summary Judgment and Motion to Exclude Ms. Salters's and Mr. Bakewell's Expert Opinions Under *Daubert*, filed herewith.

Sprint's First Supplemental Objections and Responses to Plaintiff's Interrogatory Nos. 1, 2, 4, 5, 6 and 9 and Second and Third Supplemental Responses to Interrogatory Nos. 2 and 5 in First Set of Common Interrogatories (served Sept. 16, 2016), Response to Common Interrogatory No. 6 ("Sprint Aff. Def. Response") (Exh. Q);

U.S. Cellular Corporation's Supplemental Objections and Responses to IV's First Set of Common Interrogatories (served Sept. 16, 2016), Responses to Common Interrogatory No. 6 ("U.S. Cellular Aff. Def. Response") (Exh. S); and

Ericsson's Second Supplemental Objections and Responses to IV's First Set of Common Interrogatories (served Sept. 16, 2016), Response to Common Interrogatory No. 6 ("Ericsson Aff. Def. Response") (Exh. T).

## III.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine factual dispute exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Once the moving party has successfully carried its burden of proof, then the non-moving party is required to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In order to rebut a motion for summary judgment, the non-moving party has to "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 594.  Indeed, the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005).  Also, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on

4

which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## IV.    ARGUMENT:  IV IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANTS' UNSUBSTANTIATED DEFENSES.

As discussed below, Defendants' interrogatory responses fail to identify even a scintilla of evidence for several of their affirmative defenses.  Accordingly, IV is entitled to summary judgment against Defendants with respect to these defenses.

### A.    Breach of Contract

Breach of contract is not itself a defense to patent infringement.  *See Innovative Display Techs. LLC v. Microsoft Corp.*, No. 2:13-CV-00783-JRG, 2014 WL 2757541, at *5 n.3 (E.D. Tex. June 17, 2014) (noting that Microsoft's potential breach of contract "defense" was really an equitable estoppel defense).  Accordingly, IV is entitled to summary judgment with respect to Defendants' breach of contract defenses to IV's patent infringement claims.

Even if breach of contract were a defense to patent infringement, as demonstrated below, Defendants fail to identify any operative contract, much less a failure to comply with a contractual obligation.

### B.    Promissory Estoppel

To assert promissory estoppel, a party "must prove: the making of a promise; the intent to induce action or forbearance based on the promise; reasonable reliance; and injury." *TruePosition Inc. v. Andrew Corp.*, 507 F. Supp. 2d 447, 467 (D. Del. 2007); *see also 1 Oak Private Equity Venture Capital Ltd. v. Twitter, Inc.*, 2015 WL 7776758, at *12 (Del. Super. Ct. Nov. 20, 2015) (defendant must prove that "it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promise"); *Territory of U.S. Virgin Islands v.*

5

*Goldman, Sachs & Co.*, 937 A.2d 760, 804 (Del. Ch. 2007) (same).  Promissory estoppel requires proof by clear and convincing evidence.  *See TruePosition*, 507 F. Supp. 2d at 467.  "Moreover, the promise, in such a case, must be definite and certain."  *Id.* (internal quotation marks omitted).

Promissory estoppel is an affirmative claim for damages, not a defense.  *See Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F. 2d 411, 416 (3d Cir. 1990) ("Promissory estoppel allows the court to enforce a party's promise"); *see also Conagra Trade Grp., Inc. v. Fuel Expl., LLC*, 636 F. Supp. 2d 1166, 1175 n.4 (D. Colo. 2009) ("promissory estoppel is an affirmative claim for relief plead [*sic*] in the absence of a written agreement, it is not a defense to enforcement of a contract"); Restatement (Second) of Contracts § 90 (1981).  Accordingly, IV is entitled to summary judgment on Defendants' promissory estoppel "defenses."  Even if promissory estoppel were a defense, rather than an affirmative claim, Defendants have not proffered even a scintilla of supporting evidence, as demonstrated below.

### C.    Equitable Estoppel

Equitable estoppel requires proof of three elements: first, "[t]he patentee, through misleading conduct, [led] the alleged infringer to reasonably infer that the patentee [did] not intend to enforce its patent against the alleged infringer"; second, "[t]he alleged infringer relie[d] on that conduct"; and third, "[d]ue to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim."  *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992).  Misleading conduct "may include specific statements, action, inaction, or silence where there was an obligation to speak."  *Id.*  "The accused infringer must show that, in fact, it substantially relied on the misleading conduct of the patentee in connection with taking some action."  *Id.* at 1042–43.  "As with laches, the prejudice may be a change of economic position or loss of evidence."  *Id.* at 1043.  Even where

6

the elements of equitable estoppel are proven, application of equitable estoppel is left "to the sound discretion of the trial court." *Id.* at 1041.

Additionally, the defense of equitable estoppel must be pled with particularity, as required under Federal Rule of Civil Procedure 9(b). *See Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011) ("Because equitable estoppel has misleading conduct by the patent holder as one of its elements, Defendant was required to plead this affirmative defense with particularity under Rule 9(b)."); *see also Bild v. Konig*, No. 09-CV-5576, 2011 WL 666259, at *6 (E.D.N.Y. Feb. 14, 2011) (finding Rule 9(b) generally applicable to claims of equitable estoppel).

Defendants have not pleaded with the required particularity, and so for the reasons stated below, IV is entitled to summary judgment on Defendants' equitable estoppel defenses.

### D. Waiver

Waiver requires proof of "a voluntary or intentional relinquishment of a known right," based on full knowledge of the material facts. *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1019-20 (Fed. Cir. 2008). Implied waiver requires proof that "the accused must show by clear and convincing evidence that '[the patentee's] conduct was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished.'" *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011) (quoting *Qualcomm*, 548 F.3d at 1020).

For the reasons stated below, IV is entitled to summary judgment on Defendants' waiver defenses.

### E. Laches

Laches requires proof that "(a) the patentee's delay in bringing suit was unreasonable and inexcusable, and (b) the alleged infringer suffered material prejudice attributable to the delay."

7

*SCA Hygiene Prods. Aktieblog v. First Quality Baby Prods., LLC*, 807 F.3d 1311, 1317 (Fed. Cir. 2015), *cert granted*, 136 S.Ct. 1824 (2016) (quoting *Aukerman*, 960 F.2d at 1028). "Material prejudice to adverse parties resulting from the plaintiff's delay is essential to the laches defense." *Id.* at 1033. "Evidentiary, or 'defense' prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *Id.* "Economic prejudice may arise where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit." *Id.* "A presumption of laches arises where a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity." *Id.* at 1028. "A presumption has the effect of shifting the burden of going forward with evidence, not the burden of persuasion." *Id.*

Even where the elements of laches are proven, "application of the defense of laches is committed to the sound discretion of the district court." *Id.* at 1032; *see also SCA Hygiene*, 807 F.3d at 1331-33 (laches does not completely bar an entire suit, unlike the doctrine of estoppel); *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp. I*, 60 F.3d 770, 773 (Fed. Cir. 1995) ("Even if the elements of laches are established . . . a court need not bar a plaintiff's suit. The application of the laches defense is discretionary, and as an equitable manner, the district court is to look to all the facts and circumstances of the case and weigh the equities of the parties.").

For the reasons stated below, Defendants' laches defenses are unsubstantiated, and IV is entitled to summary judgment.

### F.    Unclean Hands

To prove unclean hands, Defendants must prove that IV "engaged in 'unconscionable' conduct that 'has immediate and necessary relation to the equity that [the claimant] seeks in

8

respect of the matter in litigation." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310-11 (D. Del. 2005). Clear and convincing evidence is required. *See In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007).

For the reasons stated below, IV is entitled to summary judgment against Defendants with respect to their unclean hands defenses.

### G.   License/Patent Exhaustion/Single Recovery Rule

An express license defense requires proof that a contract expressly grants the defendant a right to practice the asserted patents. *See Endo Pharm. Inc. v. Actavis, Inc.*, 746 F.3d 1371, 1374 (Fed. Cir. 2014) (finding defendant's express license defense "meritless" where license terms did not cover patents in suit); *see also Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 206 (D. Del. 2001) (noting that defendant must prove it "has a license from [the patentee] that authorizes it to make, use, and sell its accused products.").

"An implied license signifies a patentee's waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing, the patented invention." *Winbond Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir.), *opinion corrected,* 275 F.3d 1344 (Fed. Cir. 2001). "An implied license may arise by equitable estoppel, acquiescence, conduct, or legal estoppel." *Id.* Under any theory, "[a]n implied license finding requires a nexus between the patentee's purported waiver and the infringing action." *Id.*

"An implied license by equitable estoppel requires proof that: (1) the patentee, through statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to the alleged infringer; (2) the alleged infringer relied on that statement or conduct; and (3) the alleged infringer would, therefore, be materially prejudiced if the patentee is allowed to proceed with its claim." *Id.* "Thus, for this form of estoppel, the alleged infringer must have knowledge

9

of the patentee and its patent and must reasonably infer that the patentee acquiesced to the allegedly infringing activity for some time." *Id.*

An implied license by acquiescence requires proof that the patentee "ha[d] full knowledge of his rights and the material facts and (1) remain[ed] inactive for a considerable time; or (2) freely [did] what amounts to recognition of the complained of act; or (3) act[ed] in a manner inconsistent with the subsequent repudiation, which leads the other party to believe the act has been approved." *Sonos, Inc. v. D&M Holdings Inc.*, No. C.A. 14-1330-RGA-MPT, 2016 WL 4249493, at \*5–6 (D. Del. Aug. 10, 2016), *report and recommendation adopted,* No. C.A. 14-1330-RGA, 2016 WL 4581078 (D. Del. Sept. 1, 2016) (internal quotation marks omitted); *see also AT&T Corp. v. Microsoft Corp.*, No. 01 CIV.4872 WHP, 2004 WL 188078, at \*5 (S.D.N.Y. Feb. 2, 2004) ("To establish an affirmative defense of implied license by conduct or acquiescence, Microsoft must show a nexus between AT&T's course of conduct or purported waiver of its patent rights and the allegedly infringing action."); *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 411 (D. Del. 2009) ("An implied license by acquiescence arises where a plaintiff was bound to know that the royalties it received were for devices corresponding to the patent in suit, [thus justifying] defendant . . . in concluding that plaintiff consented to the manufacture of the accused devices within the scope of the asserted patent.") (internal quotation marks omitted).

An implied license by conduct requires proof that "(1) a relationship existed between plaintiff and defendant; (2) within that relationship, plaintiff granted defendant a right to use plaintiff's patents; (3) plaintiff received valuable consideration for the grant of right; (4) plaintiff's statements and conduct created the impression that plaintiff consented to defendant's

10

use of plaintiff's patents; [and] (5) plaintiff denied that defendant had an implied license." *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 384 (D. Del. 2005).

"For a finding of implied license through legal estoppel, a patentee must have licensed or assigned a right, received consideration, and then sought to derogate from the right granted." *Winbond*, 262 F.3d at 1375 (internal quotation marks omitted); *see also Tenneco*, 375 F. Supp. 2d at 384 (same).

"The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008); *see also Keurig, Inc. v. Sturm Foods, Inc.*, 732 F.3d 1370, 1373 (Fed. Cir. 2013).

Under the single recovery rule, "a patentee may not sue users of an infringing product for damages if he has collected actual damages from a manufacturer or seller, and those damages fully compensate the patentee for infringement by users." *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1303 (Fed. Cir. 2007); *see also Tessera, Inc. v. Int'l Trade Comm'n*, 646 F.3d 1357, 1369-70 (Fed. Cir. 2011) (confirming the single-recovery principle).

For the reasons stated below, there are no genuine issues of material fact regarding Defendants' license, exhaustion, and single-recovery-rule defenses and IV is entitled to summary judgment.

**H.       IV Is Entitled to Summary Judgment on AT&T's Unsubstantiated Defenses.**

For the reasons stated below, no genuine issue of material fact exists with respect to defenses AT&T asserts. *See* First Amended Answer, Defenses and Counterclaims to First Amended Complaint, 13-cv-1668, D.I. 298 ¶¶ 50-77.  IV is therefore entitled to summary judgment.

11

**Laches** (¶¶ 72-73):  AT&T's interrogatory response does not allege any unreasonable and inexcusable delay, or any material prejudice resulting from delay.  *See* AT&T Aff. Def. Response (Exh. O).

**Estoppel** (¶¶ 72-73):  AT&T's interrogatory response identifies no facts showing misleading conduct, reliance on misleading conduct, or prejudice.  *See id.*

**Waiver** (¶¶ 72-73):  AT&T's interrogatory response identifies no facts showing a voluntary or intentional relinquishment of a known right or conduct that induced a reasonable belief that a right had been relinquished.  *See id.*

**License and Exhaustion** (¶¶ 74-75):  ███████████████████████

███████████████████████████████  *See id.*  IV does not allege infringement in connection with equipment manufactured by Nokia.  ████████████████

████████████████████████████████████  IV is therefore entitled to summary judgment of these defenses with regard to equipment manufactured by ██████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████.  Therefore, IV is entitled to summary judgment on this defense with regard to at least the asserted claims of the '248 patent.  In addition, AT&T does not assert sufficient facts to support this defense with regard to the '831 patent.

12



**Unclean Hands** (¶¶ 76-77):  AT&T's interrogatory response does not allege that IV engaged in unconscionable conduct that has immediate and necessary relation to the equity that IV seeks with respect to the infringement of the '248 or '831 patents.  *See* AT&T Aff. Def. (Exh. O).

**I.       IV Is Entitled to Summary Judgment on Cricket's Unsubstantiated Defenses.**

For the reasons stated below, no genuine issue of material fact exists with respect to defenses Cricket asserts.  *See* First Amended Answer, Defenses and Counterclaims to First Amended Complaint, 13-cv-1669, D.I. 295 (affirmative defenses).  IV is therefore entitled to summary judgment.

**Laches** (¶¶ 67-68):  Cricket's interrogatory response does not allege any unreasonable and inexcusable delay, or any material prejudice resulting from delay.  *See* Cricket Aff. Def. Response (Exh. P).

**Estoppel** (¶¶ 67-68):  Cricket's interrogatory response identifies no facts showing misleading conduct, reliance on misleading conduct, or prejudice.  *See id.*

**Waiver** (¶¶ 67-68):  Cricket's interrogatory response identifies no facts showing a voluntary or intentional relinquishment of a known right or conduct that induced a reasonable belief that a right had been relinquished.  *See id.*

**License and Exhaustion** (¶¶ 69-70):  ████████████████████████ ███████████████████████████████  *See id.*  IV does not allege infringement in connection with equipment manufactured by Nokia.  ████████████████████ ████████████████████████████████████████████  IV is

13

therefore entitled to summary judgment of these defenses with regard to equipment

manufactured by ██████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████ Therefore, IV is entitled to summary judgment of this

defense with regard to at least the asserted claims of the '248 patent.  In addition, Cricket does

not assert sufficient facts to support this defense with regard to the '831 patent.  ████████████

██████████████████████████████████████████████

████████████████████████████

**Unclean Hands** (¶¶ 71-72):  Cricket's interrogatory response does not allege that IV

engaged in unconscionable conduct that has immediate and necessary relation to the equity that

IV seeks with respect to the infringement of the '248 or '831 patents.  *See* Cricket Aff. Def.

Response (Exh. P).

**J.      IV Is Entitled to Summary Judgment on Sprint's Unsubstantiated Defenses.**

For the reasons stated below, no genuine issue of material fact exists with respect to

defenses Sprint asserts.  *See* Nextel Operations, Inc., and Sprint Spectrum L.P.'s First Amended

Answer, Defenses, and Counterclaims to First Amended Complaint, 13-cv-1670, D.I. 297

(affirmative defenses).  IV is therefore entitled to summary judgment.

14

**Breach of Contract** (¶ 44):  Breach of contract is not a defense to patent infringement. Furthermore, Sprint's interrogatory response identifies no facts in support of this purported defense.  *See* Sprint Aff. Def. Response (Exh. Q).

**Waiver** (¶ 45):  Sprint's interrogatory response identifies no facts showing a voluntary or intentional relinquishment of a known right or conduct that induced a reasonable belief that a right had been relinquished.  *See id.*

**Laches** (¶ 45):  Sprint's interrogatory response does not allege any unreasonable and inexcusable delay, or any material prejudice resulting from delay.  *See id.*

**Acquiescence** (¶ 45):  IV is unaware of any authority that stands for the proposition that acquiescence constitutes a stand-alone defense to infringement, as opposed to a subsidiary factor relevant to laches, equitable estoppel, or implied waiver.

**Estoppel** (¶ 45):  Sprint's interrogatory response identifies no facts showing misleading conduct, reliance on misleading conduct, or prejudice.  *See id.*

**Unclean Hands** (¶ 45):  Sprint's interrogatory response does not allege that IV engaged in unconscionable conduct that has immediate and necessary relation to the equity that IV seeks with respect to the infringement of the '248 or '831 patents.  *See id.*

**Express License, Implied License, or Patent Exhaustion** (¶ 46):  ███████████ ██████████████████████████████████████████████████  IV does not allege infringement in connection with equipment manufactured by Nokia.  ███████████ ███████████████████████████████████████████████████████████  IV is therefore entitled to summary judgment of these defenses with regard to equipment manufactured by ███████████████████████████

15

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

**Single Recovery Rule** (¶ 46):  Sprint's interrogatory response identifies no facts in support of this defense.  Specifically, Sprint has alleged no facts in support of its assertion of the "single recovery rule," which requires a showing that IV has collected actual damages from a manufacture or seller such that those damages have fully compensated IV for the infringement of the '831 patent by Sprint.  *See id.*

**Limit on Damages** (¶ 48):   ████████████████████████████████████

████████████████████████████████████████████████████

████████████This response fails to identify sufficient facts in support of a defense of limit on damages.  *See id.*

### K.  IV Is Entitled to Summary Judgment on T-Mobile's Unsubstantiated Defenses.

For the reasons stated below, no genuine issue of material fact exists with respect to defenses T-Mobile asserts.  *See* Defendant T-Mobile USA Inc. and T-Mobile US Inc.'s Answer to First Amended Complaint, 13-cv-1671, D.I. 60 (affirmative defenses).  IV is therefore entitled to summary judgment.

**Estoppel** (¶¶ 47-48):  T-Mobile's interrogatory response identifies no facts showing misleading conduct, reliance on misleading conduct, or prejudice.  *See* T-Mobile Aff. Def. Response (Exh. R).

16

**Waiver** (¶¶ 47-48):  T-Mobile's interrogatory response identifies no facts showing a voluntary or intentional relinquishment of a known right or conduct that induced a reasonable belief that a right had been relinquished.  *See id.*

**Laches** (¶ 52):  T-Mobile's interrogatory response does not allege any unreasonable and inexcusable delay, or any material prejudice resulting from delay.  *See id.*

**FRAND or RAND Obligations** (¶ 54):  T-Mobile's interrogatory response does not allege any facts in support of this purported defense with regards to the '248 and '831 patents.  *See id.*

**License, Implied License, or Exhaustion** (¶¶ 84-86):  T-Mobile's interrogatory response does not allege any facts in support of these defenses with regard to either the '248 patent or the '831 patent.  Specifically, for an affirmative defense of license, T-Mobile fails to allege the existence of contract expressly granting T-Mobile a right to practice the '248 or '831 patents.  *See id.*

With regard to a defense of implied license, T-Mobile has also failed to allege any facts showing a waiver of IV's statutory rights.  *See id.*

T-Mobile has failed to assert any facts which might support a defense of patent exhaustion, as they allege no facts showing that an initial authorized sale of any accused products terminated all patent rights to those accused products.  *See id.*

Finally, T-Mobile has alleged no facts in support of its assertion of the "single recovery rule," which requires a showing that IV has collected actual damages from a manufacture or seller such that those damages fully have compensated IV for the infringement of the '248 and '831 patents by T-Mobile.  *See id.*

**Implied Waiver** (¶¶ 87-88):  T-Mobile's interrogatory response does not allege that IV's conduct was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished.  *See id.*

**Equitable Estoppel** (¶¶ 89-90):  T-Mobile's interrogatory response does not allege that IV, through misleading conduct, led T-Mobile to reasonably infer that IV did not intend to enforce its patent against T-Mobile, or that T-Mobile relied on that conduct, and, due to its reliance, that T-Mobile will be materially prejudiced if IV is allowed to proceed with its claim. *See id.*

**Legal Estoppel** (¶¶ 91-92):  T-Mobile's interrogatory response does not allege that IV licensed or assigned a right to T-Mobile, received consideration, and then sought to derogate from the right granted.  *See id.*

**Unclean Hands** (¶¶ 93-94):  T-Mobile's interrogatory response does not allege that IV engaged in unconscionable conduct that has immediate and necessary relation to the equity that IV seeks with respect to the infringement of the '248 or '831 patents.  *See id.*

### L.    IV Is Entitled to Summary Judgment on U.S. Cellular's Unsubstantiated Defenses.

For the reasons stated below, no genuine issue of material fact exists with respect to defenses U.S. Cellular asserts.  *See* Defendant United States Cellular Corporation's Answer and Counterclaims to Plaintiff's First Amended Complaint, 13-cv-1672, D.I. 58 (affirmative defenses).  IV is therefore entitled to summary judgment for the reasons that follow:

**Express License, Implied License, and/or Exhaustion** (Ans. at 11, ¶¶ 6-7):  U.S. Cellular's interrogatory response does not allege any facts in support of these defenses with regard to either the '248 patent or the '831 patent.  *See* U.S. Cellular Aff. Def. Response (Exh. S).  Specifically, for the defense of express license, U.S. Cellular fails to allege the existence of

18

contract expressly granting a right to U.S. Cellular to practice the '248 or '831 patents. U.S. Cellular has also failed to allege any facts which might show a waiver of IV's statutory rights, which would be required to support a defense of implied license. U.S. Cellular has also failed to assert any facts which might support a defense of patent exhaustion, as U.S. Cellular has alleged no facts showing that an initial authorized sale of the accused products has terminated all patent rights to those accused products. *See id.*

### M. IV Is Entitled to Summary Judgment on Intervenor Ericsson's Unsubstantiated Defenses.

For the reasons stated below, no genuine issue of material fact exists with respect to defenses Ericsson asserts. *See* Ericsson's Answer in Intervention, 13-cv-1672, D. I. 57; 13-cv-1671, D.I. 59; 13-cv-1670 (excepting defense of FRAND or RAND obligations), D.I. 59; 13-cv-1669, D.I. 59; 13-cv-1668, D.I. 58 (affirmative defenses). IV is therefore entitled to summary judgment for the reasons that follow:

**Laches** (¶ 48): Ericsson's interrogatory response does not allege any unreasonable and inexcusable delay, or any material prejudice resulting from delay. *See* Ericsson Aff. Def. Response (Exh. T).

**Estoppel** (¶ 43): Ericsson's interrogatory response does not identify any misleading conduct, reliance on misleading conduct, or prejudice to Ericsson. *See id.*

**Waiver** (¶ 43): Ericsson's interrogatory response does not identify any facts showing a voluntary or intentional relinquishment of a known right or conduct that induced a reasonable belief that a right had been relinquished. *See id.*

**FRAND Obligation** (¶ 50): Ericsson's interrogatory response does not identify any facts in support of this purported defense with regard to the '831 and '248 patents. *See id.*

19

## V.   CONCLUSION

For all the reasons above, and in the interests of appropriately simplifying the claims and defenses at issue, IV respectfully requests that the Court grant IV's motion for summary judgment as to Defendants' above-detailed affirmative defenses.

DATED:  February 22, 2017        Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

Martin J. Black (admitted *pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
martin.black@dechert.com

Jeffrey B. Plies (admitted *pro hac vice*)
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
(512) 394-3000
jeffrey.plies@dechert.com

Justin F. Boyce (admitted *pro hac vice*)
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
(650) 813-4800
justin.boyce@dechert.com

*Counsel for Plaintiffs Intellectual Ventures I LLC*